## AFFIDAVIT

I, Dwayne Mellis, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I submit this affidavit to establish probable cause to believe that on or about August 9, 2019, Justin BLAKE violated 21 U.S.C. §§ 841(a) and 841(b)(1)(C) by knowingly and intentionally distributing fentanyl, a Schedule II controlled substance.

2.      I am assigned to the Drug Enforcement Administration (DEA) as a Task Force Officer (TFO). Prior to my assignment to the DEA, I was most recently a Detective assigned to the Burlington Police Department (BPD) Narcotics Unit.  In connection with my duties and responsibilities, I have received extensive training in the field of narcotics investigation and enforcement, both formal and informal. I have also participated in investigations relating specifically to the possession and distribution of heroin and fentanyl. I have also participated in various aspects of investigatory work, including undercover surveillance and undercover purchases.  I have participated in several heroin and fentanyl-related arrests and the execution of heroin and fentanyl-related search warrants.  I have written affidavits in support of search and arrest warrants and have frequently utilized the services of informants and other confidential sources of information.

3.      The information contained within this affidavit is based upon my training, experience, and investigation, as well as information that has been conveyed to me by other law enforcement officers.  The following has been related to me by persons having direct knowledge of the events described below, including BPD Detective Richard Weinisch, and other law enforcement officers involved in this investigation. Since this affidavit is being submitted for the

limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation

## PROBABLE CAUSE

4.      On August 9, 2019, a confidential source[1] ("CS") met with investigators at a predetermined meeting location in the Burlington area.  The CS told Det. Weinisch that it was in a position to purchase heroin from "Johnny."  Burlington Police Department Sgt. Merchand was familiar with a male named Justin BLAKE aka "Johnny" from a previous drug investigation. Det. Weinisch showed the CS a picture of BLAKE and the CS confirmed BLAKE to be the male that it knows as "Johnny."

5.      Det. Tremblay and Det. Weinisch searched the CS prior to the controlled purchase and no drugs, paraphernalia or large sums of money were found.  Det. Weinisch provided the CS with enough serialized US currency to cover the anticipated transaction.  The CS was equipped with an audio and video recording device.

6.      The CS placed a phone call to "Johnny" (802-343-0547) in my presence and arranged to purchase heroin from "Johnny" at a known location in Burlington, VT.

7.      Det. Tremblay and Det. Weinisch drove the CS to an area close to the planned meeting location.  The CS exited their vehicle and it was monitored by law enforcement as the CS walked to the meeting location.

---

[1] The CS has felony convictions for sexual assault, forgery, conspiracy to distribute heroin and fentanyl, and sale of cocaine.  The CS also has a number of misdemeanor convictions including false pretenses and petit larceny.

8.      Through the audio transmitting device, the CS was heard making a phone call. BPD Sgt. Dan Merchand observed a male matching the general description of "Johnny" walking in the direction of the meeting location.

9.      DEA SA Kristian Pinkham observed that male matching Blake's description meet with the CS at the planned meeting location.  At the same time, Det. Weinisch could hear the CS making contact with someone on the audio transmitter.  SA Pinkham observed the CS and the male exchange items and then part ways.  DEA SA Persson and TFO May monitored the CS as it traveled back to meet with Det. Weinisch and Det. Tremblay in their vehicle.

10.     Upon meeting with Det. Weinisch and Det. Tremblay, the CS entered their vehicle and handed Det. Weinisch a clear plastic baggie containing an off-white substance.  Det. Tremblay and Det. Weinisch transported the CS back to the Burlington Police Department where Det. Tremblay searched the CS.  No drugs, paraphernalia or large sums of money were found during this search.

11.     The CS told Det. Weinisch the following in a sworn, audio-recorded statement: The CS arranged via phone to purchase heroin from a male it knows as "Johnny" on this date in in Burlington, VT.  The CS advised that "Johnny's" cell phone number is 802-343-0547.  The CS advised that it walked to the pre-arranged meeting location to meet with "Johnny."  The CS advised that it purchased the heroin directly from "Johnny."  The CS then walked directly back to meet with Det. Weinisch and Det. Tremblay and the CS turned over the heroin and remaining US currency.  The CS did not have contact with anyone other than "Johnny" between the time it left their vehicle and the time that it met back up with them approximately sixteen minutes later. Following the controlled purchase Sgt. Merchand monitored Blake left the meeting location.

12.    The off-white powdery substance inside of the clear plastic bag corner was consistent with what Det. Weinisch knows from his training and experience as fentanyl.  Det. Weinisch tested the substance using a Sirchie NARK II fentanyl & heroin field-test kit, yielding a presumptively positive result for fentanyl.

## **CONCLUSION**

13.    Based on the foregoing, I submit there is probable cause to believe that on or about August 9, 2019, Justin BLAKE violated 21 U.S.C. §§ 841(a) and 841(b)(1)(C) by knowingly and intentionally distributing fentanyl, a Schedule II controlled substance.

Respectfully submitted,

TFO Dwayne Mellis
Drug Enforcement Administration

Subscribed and sworn to before me on September 20, 2019.

Hon. John M. Conroy
United States Magistrate Judge